# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRANK SALANDICH,**

    **Plaintiff,**

  v.                                            Case No. 20-CV-761

**MILWAUKEE RESCUE MISSION,**

    **Defendant.**

## ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]

On May 20, 2020, Frank Salandich filed a *pro se* complaint against the Milwaukee Rescue Mission. (Docket # 1.) Salandich also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 3.) Because I find that Salandich is indigent, his motion will be granted. However, because his complaint fails to allege subject matter jurisdiction, I recommend that his complaint be dismissed.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. §

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although Salandich does not submit his motion for leave to proceed without prepayment of the filing fee on the proper form, he asserts that he is unmarried, unemployed, has no expenses, has no property, and is homeless. (Docket # 3.) And while Salandich failed to sign the motion, he does assert that he is unable to pay the filing fee "under penalty that the forgoing is true and correct." (*Id.*) Thus, I am satisfied that Salandich is indigent for purposes of the *in forma pauperis* statute and will grant his motion.

I find Salandich's compliant, however, legally deficient and recommend dismissal. Salandich alleges that on April 6, 2020, he was in the chapel area of the Milwaukee Rescue Mission during lock down due to the COVID-19 pandemic. (Docket # 1.) Salandich alleges that he was told that if he did not go out and vote, that he would not be allowed to stay at the Milwaukee Rescue Mission. Salandich alleges he had nowhere else to go. (*Id.*) Salandich

2

seeks money damages in the amount of $20,000,000 and for the Milwaukee Rescue Mission to put signs up and assist their homeless guests with voting. (*Id.*)

Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir.2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2)"the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

Although Salandich alleges that he is suing under 28 U.S.C. § 1331, he does not specify under which federal law he sues the Milwaukee Rescue Mission. To the extent he sues under 42 U.S.C. § 1983, Salandich must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that

3

right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Milwaukee Rescue Mission is a non-profit organization that does not receive government funding. https://milmission.org/who-we-are/financial-info (last visited June 16, 2020). Thus, it is not a government actor. Before a private party's conduct can be considered state action under § 1983, there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the state itself. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). In other words, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Id.* Salandich alleges no facts that would indicate that the Milwaukee Rescue Mission acted under color of state law. Thus, jurisdiction is not proper under 28 U.S.C. § 1331. Even assuming Salandich had a colorable claim under state law, Salandich fails to allege diversity jurisdiction. Thus, jurisdiction is also not proper under 28 U.S.C. § 1332.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that Salandich's motion for leave to proceed without prepayment of the filing fee (Docket # 3) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Salandich's complaint be dismissed for lack of subject matter jurisdiction.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of

the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 16th day of June, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge